WILLIAM F. SHERMAN, JR., AND DORA B. SHERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sherman v. Commissioner
Docket No. 16126-79.
United States Tax Court
T.C. Memo 1982-582; 1982 Tax Ct. Memo LEXIS 162; 44 T.C.M. (CCH) 1324; T.C.M. (RIA) 82582; October 4, 1982. Robert F. Polson, for the petitioners. Edwina L. Wilson, *163 for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income taxes for the tax year 1976 in the amount of $7,416.53. After a concession by respondent, the issues for decision are whether airplane expenses paid by petitioner William F. Sherman, Jr., in the amount of $17,787.36 for 1976 constitute ordinary and necessary employee business expenses and whether the petitioner has met the substantiation requirements of section 274(d)[1] for these travel expenses so that the airplane expenses are deductible. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and stipulated exhibits are incorporated herein by this reference. The petitioners, husband and wife, filed a joint Federal income tax return for the taxable year 1976, reporting their income on the cash receipts and disbursements method. The petitioners resided in Greenville, South Carolina, at the time they filed their petition in this case. Dora B. Sherman is a petitioner in this case solely because *164 she filed a joint Federal income tax return with her husband. The issues before us concern the employee business expenses of her husband, William F. Sherman, Jr., and all references to petitioner in the singular will refer to him. On their Federal income tax return for the taxable year 1976 petitioners claimed an employee business expense for petitioner's airplane expenses in the amount of $17,787.36 as follows: Item
Amount
Gasoline, oil, lubrication, etc.
$2,703.62
Insurance
1,791.63
Maintenance
9,967.11
Hangar rent
1,200.00
Depreciation
2,125.00
$17,787.36
The petitioners have substantiated the full amounts of these expenses. Petitioner has been employed by Grestco Dyes and Chemicals, Inc., (Grestco) since 1946. He owns 25 percent of the stock of Grestco, although at one time he owned as much as 30 percent. His family owns 75 percent of this corporation. Grestco stock is not publicly traded. At one time the petitioner was vice president of Grestco. This stockholder status did not guarantee petitioner a job with Grestco. At least one other stockholder-employee had been dismissed for incompetence. During the year 1976, the petitioner *165 was employed by Grestco as an outside salesman and received and reported salary income of $25,000.04 from this employment. The petitioner generated between $150,000 and $200,000 of sales for Grestco annually. Grestco used an airplane in its business from 1948 to 1975. During this time the petitioner did all the flying. His sales territory included the States of Mississippi, Alabama, North Carolina, Georgia, South Carolina and Tennessee. He was the only Grestco salesman with such wide territorial responsibility. In 1975 Grestco decided to sell its airplane as a cost-cutting measure. They sold the plane to the petitioner. They increased the petitioner's salary by $7,500 when he purchased the airplane but told him that they would not reimburse him for his airplane expenses. These airplane expenses generally ran from $11,000 to $11,500 per year. Grestco would not have reimbursed the petitioner for his airplane expenses under any circumstances but it might have given him a significant bonus instead. In 1976, although no longer furnished with a company plane, the petitioner continued to be responsible for his six-state sales territory. He continued to fly to his customers, *166 using the airplane he bought from Grestco. Grestco did, however, provide petitioner a car which he used to service local clients, but petitioner could not properly service his many nonlocal customers by automobile because the driving time would leave him little time to sell. Access to his customer locations by commercial aircraft from Grestco's office in Greenville, South Carolina, where petitioner was located was limited to 2 out of the 24 airports that he regularly frequented in the performance of his job as an outside salesman. By using circuitous commercial air routes, he could have reached a total of eight, or 33 percent, of his regular customers. The use of a private airplane was the only reasonable means for the petitioner to cover and service his assigned sales territory. The petitioner's customers occasionally requested petitioner to provide Grestco products on short notice. On one occasion a customer telephoned and told him that it was running out of one of Grestco's products and that the customer would have to shut down its plant unless it could get more of the Grestco product by the time of the second shift. The only way that the customer could get the product in time *167 was for the petitioner to fly it down, which he did. Grestco reimbursed petitioner's business expenses other than his airplane expenses. It provided him a car, provided him a credit card for gasoline purchases and reimbursed him for his entertainment expenses, commercial air fare expenses, and overnight meals and lodging away from home. The petitioner reimbursed Grestco for airplane fuel purchases that he made on Grestco's credit card.
The petitioner kept a pilot's logbook of all his flying time. This logbook shows the point of origin, travel time, and point of destination for his flights, although petitioner occasionally failed to record his return trips. The vast majority of his flights in 1976 were one-day trips where he would fly to the locations of a customer, do his business, and return the same day. All of petitioner's 1976 flying in the plane in question was business related, either servicing clients or occasionally doing favors for clients as business goodwill. The petitioners claimed the airplane expenses as employee business expenses on their Federal income tax return for 1976. The Commissioner, in his notice of deficiency, disallowed these expenses as deductions *168 because: "it has not been established that your airplane expenses are ordinary and necessary business expenses or that this amount was actually expended for the designated purpose." OPINION Respondent maintains that petitioner's airplane expenses are not deductible either because they do not constitute ordinary and necessary employee business expenses or because the petitioner has failed to meet the substantiation requirements of section 274(d) for these travel expenses. We will first consider whether these expenses are ordinary and necessary expenses of petitioner's business of being an employee. Respondent's position is that petitioner's airplane expenses were not necessary to the extent that petitioner could have performed his duties as a Grestco salesman using either the car provided to him by Grestco or by using commercial air carriers, so that the travel expenses incurred by petitioner were the obligation of his corporate employer which petitioner voluntarily assumed. We have found that the only reasonable way that petitioner could cover and service his sales territory was by the use of a private airplane. Petitioner's sales territory covered a six-state area. He *169 could reach only a small percentage of his clients by commercial air carrier. While Grestco provided him a car to service local clients, it was impractical for him to use the automobile to service his nonlocal clients both because of the driving time involved and because he was occasionally called upon the provide products to his customers on short notice. The then president of Grestco was asked on direct examination: Q. Would you say that in order to meet the minimum standards that it is reasonable to say that William Sherman to use an airplane as a requirement or condition of his job to meet those standards? A. Well, I don't know really how he would do it any other way. Respondent suggests that even if we find, as we have, that petitioner's airplane expenses were necessary under the circumstances, the airplane expenses were nonetheless not ordinary considering the amount of income generated by these expenses. A business expense must be reasonable in relation to its purpose. United States v. Haskel Engineering & Supply Co.,380 F.2d 786 (9th Cir. 1967). Respondent suggests that airplane expenses of $17,787.36 incurred to generate a salary income of $25,000.04 *170 are not reasonable in relation to their purpose. While we agree that this is a large expenditure in relation to petitioner's salary, the circumstances indicate that it was reasonable. Our examination, of course, must be based on the reasonableness of the expenses when they were committed or actually paid, not with the benefit of hindsight. The airplane expenses generally ran between $11,000 and $11,500 on an annual basis. The petitioner was given a $7,500 increase in his salary at the time that he purchased the airplane from Grestco. We believe it reasonable to infer that this increase was due in significant part to the airplane expenses that Grestco expected that petitioner would need to incur in his Grestco sales activities. The petitioner may have had to absorb none of these airplane expenses, in reality, if Grestco gave him a significant bonus. We find petitioner's private airplane expenses to be both ordinary and necessary expenses of his business as a Grestco salesman. Respondent's second main argument is that petitioner has failed to meet the substantiation requirements of section 274(d) for these travel expenses. *171 The pertinent parts of section 274(d) provide: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) SUBSTANTIATION REQUIRED.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. Respondent concedes that the petitioner has substantiated the amount of the airplane expenses he paid in 1976. Respondent further concedes that the petitioner's logbook shows the time and place of petitioner's airplane trip. Respondent maintains, however, that these logbooks do not show any business purpose for the airplane trips so that petitioner has failed to meet the requirements of section 274(d). *172 Section 1.274-5(c)(2)(ii)(b), Income Tax Regs., provides: (b) SUBSTANTIATION OF BUSINESS PURPOSE. In order to constitute an adequate record of business purpose within the meaning of section 274(d) and this subparagraph, a written statement of business purpose generally is required. However, the degree of substantiation necessary to establish business purpose will vary depending upon the facts and circumstances of each case. Where the business purpose of an expenditure is evident from the surrounding facts and circumstances, a written explanation of such business purpose will not be required. For example, in the case of a salesman calling on customers on an established sales route, a written explanation of the business purpose of such travel ordinarily will not be required. Similarly, in the case of a business meal described in section 274(e)(1), if the business purpose of such meal is evident from the business relationship to the taxpayer of the persons entertained and other surrounding circumstances, a written explanation of such business purpose will not be required. Petitioner testified that all of the trips which he made on his private airplane in 1976 were business related. *173 This testimony was both detailed and credible and we believe him. Respondent argues that no evidence was presented to corroborate this testimony of petitioner. Respondent further maintains that the petitioner has not shown his business trips to be an established sales route. The regulation cites "an established sales route" as a qualifying circumstance, but it is only an example. It cannot be the only qualifying circumstance intended by the regulation. The business purpose of petitioner's airplane trips and thus his airplane expenses is evident from the business relationship to the taxpayer of each person or entity that was the object of his airplane trips. The regulation provides that under this circumstance no further documentation of business purpose is necessary. The petitioner has met the substantiation requirements of section 274(d). Because the respondent has conceded a deduction not claimed in the petitioners' Federal income tax return, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩